UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10198 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00734-CKJ-GEE-3 |
| v. | District of Arizona, Tucson |
| RICHARD RYAN ROMERO, | |
| Defendant - Appellant. | ORDER AMENDING MEMORANDUM DISPOSITION |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10206 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00734-CKJ-GEE-1 |
| v. | |
| JACK MARTIN VOSE, | |
| Defendant - Appellant. | |

Before: CALLAHAN and WATFORD, Circuit Judges, and SINGLETON, Senior District Judge.*

The Memorandum Disposition filed on September 14, 2012, is amended as

follows:

---

* The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, sitting by designation.

On page 2, footnote ** is added and reads, "The late John M. Roll, Chief District Judge for the U.S. District Court for the District of Arizona, presided over the trial in this matter. Sterling Johnson, Jr., Senior District Judge from the U.S. District Court for the Eastern District of New York, presided over sentencing."

An Amended Memorandum Disposition will be filed concurrently with this Order.

Any petition for rehearing and/or rehearing en banc remains due on or before November 12, 2012.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10198 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00734-CKJ-GEE-3 |
| v. | |
| RICHARD RYAN ROMERO, | **AMENDED** MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10206 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00734-CKJ-GEE-1 |
| v. | |
| JACK MARTIN VOSE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona

---

  \*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Cindy K. Jorgenson, District Judge, Presiding[**]

Argued and Submitted August 8, 2012
San Francisco, California

Before: CALLAHAN and WATFORD, Circuit Judges, and SINGLETON, Senior District Judge.[***]

Richard Romero and Jack Vose were charged and convicted of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Vose was also charged and convicted of possession of a firearm in furtherance of a drug trafficking offense. They appeal their convictions, arguing that the district court abused its discretion in admitting an unsigned letter over their objections that the letter was inadmissible hearsay. Defendants also contend the district court erred in admitting evidence of Vose's prior conviction for attempting to possess marijuana for sale. Because any error in admitting the unsigned letter was harmless, and because the district court did not err in admitting the evidence of Vose's prior conviction, we affirm.

---

[**] The late John M. Roll, Chief District Judge for the U.S. District Court for the District of Arizona, presided over the trial in this matter. Sterling Johnson, Jr., Senior District Judge from the U.S. District Court for the Eastern District of New York, presided over sentencing.

[***] The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for Alaska, sitting by designation.

1. We review a district court's ruling on evidentiary objections, including hearsay-based objections, for an abuse of discretion. *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011). The government's only argument on appeal as to why the document was not inadmissible hearsay is that the note is the statement of a co-conspirator. However, the government also argues that if the document is hearsay and admitting the document was error, it was harmless error.

The government concedes that it did not argue to the trial court that the note was a co-conspirator's statement. We have stated that, "to sustain a theory of admissibility not presented below[ ] would unfairly rob appellants of the opportunity to argue the weight, sufficiency and trustworthiness of the evidence to establish a proper foundation before the trial judge, or to offer proof to controvert the facts now relied upon by the government." *United States v. Ordonez*, 737 F.2d 793, 801 (9th Cir. 1984).

Even if we were to reach the merits of whether the note is a non-hearsay statement of a co-conspirator, it would not be admissible under Federal Rule of Evidence 801(d)(2)(E). "Before an alleged co-conspirator's statement can be admitted into evidence under Rule 801(d)(2)(E), the government must establish that the declarant . . . knowingly participated in a conspiracy." *United States v. Liera*, 585 F.3d 1237, 1245 (9th Cir. 2009). "In order to corroborate or refute [the

-3-

declarant's status as a member of the same ongoing conspiracy], *the litigants must know the identity of the declarant.*"  *United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir. 1986) (emphasis added).

The note at issue here is unsigned.  There is no evidence in the record to establish who the declarant might be.  Moreover, there is no evidence beyond the statement itself that the declarant knowingly participated in the conspiracy, or that the statement was made in furtherance of a conspiracy.  The note cannot be admitted under the co-conspirator exception to the hearsay rule.  *Id.*

Although the district court erred in admitting the unsigned five-page note over defendants' hearsay objections, the error was harmless.  The record contains substantial evidence tying both defendants to the house and to the marijuana found inside the house.  Although we have stated the test in various ways, an error admitting evidence is harmless if there is sufficient independent evidence that establishes the defendants' guilt. *See United States v. Shannon*, 137 F.3d 1112, 1119 (9th Cir. 1998) (error was harmless where "government produced overwhelming evidence against Shannon independent of Eck's letter") *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc); *see also United States v. Henderson*, 68 F.3d 323, 328 (9th Cir. 1995) (although prejudicial effect of officer's opinion substantially outweighed probative

value and therefore was error to admit opinion under Rule 403, "error was harmless . . . because there was other reliable identification testimony identifying Henderson as the robber").

2.      Defendants also contend Vose's prior drug trafficking conviction should have been excluded under Federal Rule of Evidence 404(b).  Although evidence of a defendant's prior bad acts "is not admissible to show that the defendant has a bad character and is prone to criminal activity, it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *United States v. Ramirez-Robles*, 386 F.3d 1234, 1242 (9th Cir. 2004).  The Ninth Circuit has long recognized that the "'rule is one of inclusion' in that 'other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity.'"  *United States v. Chea*, 231 F.3d 531, 534 (9th Cir. 2000) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982)).  If the government seeks to admit such evidence "for one of these reasons, it is the government's responsibility to show that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time."  *Ramirez-Robles*, 386 F.3d at 1242.  The only

issue in dispute here is whether the evidence proved a material element of the offense charged.

"The crime of possession with the intent to distribute [marijuana] has three essential elements. The government must prove beyond a reasonable doubt that the defendant (1) knowingly, (2) possessed the [marijuana], (3) with an intent to distribute it." *United States v. Innie*, 7 F.3d 840, 844 (9th Cir. 1993) (internal citation omitted). Defendants argue that prior conviction was not relevant to prove a material element because defendants stipulated that the substance found in the house was marijuana and that it was intended for distribution. Thus, they argue, knowledge and intent were not issues in the case.

However, the stipulation offered was only that the substance was marijuana, and therefore only relieved the prosecution of its burden of proving that it was marijuana. The government still had to prove the defendants knew it was marijuana, and Vose's prior conviction was relevant to prove his knowledge. *See Mehrmanesh*, 689 F.2d at 831. Moreover, Vose did not stipulate that he knew the substance, which he later stipulated was marijuana, was even in the house. Indeed, at oral argument Vose's counsel argued that the prosecution had not shown that the marijuana was in the house at the time Vose was there, clearly indicating that Vose's knowledge of the presence of marijuana was not conceded. Although

-6-

defendants asserted that they were not involved rather than claiming that they didn't know the substance was marijuana, "the fact that appellant's defense was non-participation does not render the issue of knowledge irrelevant." *United States v. Mayans*, 17 F.3d 1174, 1182 (9th Cir. 1994). In fact, we confirmed "that knowledge and intent were material issues in the case simply because the government had to prove them."[1] *Id.*

By way of comparison, in *United States v. Garcia-Orozco*, 997 F.2d 1302, 1304 (9th Cir. 1993), we held the district court erred in admitting evidence that the defendant had previously been in a car containing drugs. We explained that the prior incident, for which Garcia-Orozco was not convicted, would not put him "on 'notice' that every car in which he rode thereafter could contain drugs." *Id.* We contrasted *United States v. Bibo-Rodriguez*, 992 F.2d 1398, 1401-02 (9th Cir. 1991), where

> we upheld the introduction of evidence that the defendant, who was charged with importing cocaine in the roof panel of a car, had also transported marijuana across the border in the door panel of a car, to prove the defendant's knowledge of the presence of contraband. The court noted that similarity "is necessary to indicate knowledge and

---

[1]     In *Mayans*, we reversed the district court's admission of prior acts because the district court did not have sufficient information about the prior acts to verify their relevance. 17 F.3d at 1183. Here, the district court had sufficient information about the prior conviction to establish the striking similarity between the prior act and the current charge. There was no error similar to that in *Mayans*.

intent," and that the marijuana importation was "relevant to show that the defendant could not have been duped . . . because he repeated a similar, although not identical, action on a subsequent occasion."

*Garcia-Orozco*, 997 F.2d at 1304 (quoting *Bibo-Rodriguez*, 992 F.2d at 1402). This case is much more like *Bibo-Rodriguez* than *Garcia-Orozco*; Vose was convicted of possessing a very similar amount of marijuana, packaged in similar bales, in the very same house. His prior conviction was relevant to show his knowledge of the presence of the marijuana.

In a case where "the prior act evidence is admitted to show intent, the prior act offered must be similar to the present offense." *United States v. Ono*, 918 F.2d 1462, 1464 (9th Cir. 1990). As indicated above, the prosecution bore the burden of proving that Vose had the intent to distribute the marijuana. Assuming the jury believed Vose possessed the marijuana, the prior conviction, a virtual carbon copy of the current charged offense, was also highly relevant to show his intent.

Accepting defendants' arguments would, in effect, limit admission of prior drug convictions to cases where the defendant denies knowing that the substance was marijuana or claims personal use rather than an intent to distribute. Our precedent does not limit the use of prior similar convictions in this way. *See id.*

We have held that a district court is less likely to have abused its discretion where it issued an appropriate limiting instruction. *United States v. Vo*, 413 F.3d

1010, 1019 (9th Cir. 2005). The district court here issued a limiting instruction to the jury regarding the prior conviction, advising the jury it could "consider this evidence only for its bearing, if any, on the issues of knowledge, identity, and intent as to defendant Vose and for no other purpose."

Vose also argues that the district court erred by failing to balance the probative value of his prior conviction against the danger of unfair prejudice under Rule 403. We have explained that, "while the trial court was not required to provide a detailed or even a mechanical recitation of the Rule 403 factors, *United States v. Ono*, 918 F.2d 1462, 1465 (9th Cir. 1990), it was required to apply Rule 403 at this stage." *Mayans*, 17 F.3d at 1183. In *Mayans*, the district court "misunderstood that obligation," and expressly stated that it didn't "have to make a determination of [the] probative value [of the evidence]." *Id.* There is no evidence that here the district court similarly misunderstood its obligation here.

In allowing Rule 404(b) evidence, a district court is not required to recite the corresponding Rule 403 balancing analysis; "[i]t is enough that this court can conclude, based on a review of the record, that the district court considered Rule 403's requirements." *United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008) (quoting *United States v. Rrapi*, 175 F.3d 742, 749 (9th Cir. 1999)). In *Cherer* we found no error where the district court had "admitted the prior conviction and AOL

-9-

complaints, but barred other evidence because it was too prejudicial, demonstrating that it conducted the 403 balancing." *Id.*

Here, the record shows that the district court conducted the requisite Rule 403 balancing. In the district court, both parties briefed and argued their views on whether the probative value was substantially outweighed by the danger of unfair prejudice. In ruling the prior conviction evidence admissible, the court noted that "a limiting instruction telling the jury that they could only consider the prior bad act evidence against Mr. Vose as to the substantive court and that it is not proof of the conspiracy and is no evidence against [Mr. Romero], I think, would cure any undue prejudice that might otherwise exist." Because the court conducted the requisite balancing, even though it did not specifically articulate that balancing, the court did not abuse its discretion. *Cherer*, 513 F.3d at 1158-59.

3. Finally, Defendants argue that even if neither of the prior claimed errors was sufficient to warrant reversal, together they amount to cumulative error that does. However, any error in admitting the unsigned note was harmless, and there was no error in admitting the evidence of the facts surrounding Vose's prior conviction. Thus, even cumulatively there is no error that warrants reversal.

**AFFIRMED**.

*United States v. Romero*, No. 11-10198; *United States v. Vose*, No. 11-10206

WATFORD, Circuit Judge, dissenting:

In my view, Vose's prior conviction should have been excluded under Rule 403. The prior conviction had (at best) minimal probative value on the elements of knowledge and intent. While knowledge and intent are always relevant, *see United States v. Mayans*, 17 F.3d 1174, 1182 (9th Cir. 1994), no one disputed that whoever possessed the marijuana found in the house knew that the substance was marijuana. And no one disputed that whoever possessed the almost 400 kilos of marijuana surely possessed it with the intent to distribute it. We have previously recognized that where lack of knowledge is not the core defense theory, evidence of a prior conviction offered to prove knowledge is of "minimal probative value." *United States v. Vavages*, 151 F.3d 1185, 1193 (9th Cir. 1998). The same holds true with respect to the element of intent.

On the other side of the balance, the potential for unfair prejudice was great. The only element seriously contested here was possession. Vose's defense was that he did not live at the house in question, was not involved in any drug distribution activity going on there, and thus did not possess the drugs found in the house. As to *that* element, the prior conviction did indeed have probative value, but only through "the classic propensity inference that Rule 404(a) prohibits": Vose was found guilty of possessing marijuana at the house before, so he must be

guilty again. *Vavages*, 151 F.3d at 1193-94. The likelihood that the jury would draw that prohibited inference, notwithstanding any limiting instructions given, should have led to the exclusion of the prior conviction, and the error in admitting the conviction cannot be deemed harmless on this record.